# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUGH WEBSTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-498-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Hugh Webster requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. For the reasons discussed below, the decision of the Commissioner is hereby REVERSED and the case is REMANDED for further proceedings by the ALJ.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless,

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on March 27, 1957, and was forty-eight years old at the time of the administrative hearing. He has an eleventh grade education and two years of vocational training. The claimant has worked in the past as a tire bander, building maintenance repairman, meat cutter, painter, press machine operator, baker, material handler, and dry cleaner delivery driver. He alleges that he has been unable to work since July 25, 2003, due to depression, diabetes mellitus, costochondritis, degenerative arthritis, headaches, high blood pressure, enlarged heart and chronic tachycardia.

**Procedural History**

On November 18, 2003, the claimant protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The applications were denied. After a hearing on February 1, 2006, ALJ Edward L. Thompson found the claimant was not disabled in a decision dated April 27, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had severe impairments of diabetes mellitus, costochondritis, degenerative arthritis and major depression (Tr. 16) and certain mental impairments (Tr. 19). The ALJ determined that the claimant retained the residual functional capacity ("RFC") to perform light work, *i. e.*, he could lift and/or carry ten pounds frequently and twenty pounds occasionally, stand and/or walk (with normal breaks) for six hours in an eight-hour workday, sit (with normal breaks) for six hours in an eight-hour workday, and push and/or pull was unlimited, other than that shown for lift and/or carry. The ALJ also determined that the claimant was limited to understanding, remembering, and carrying out simple (and some more detailed) instructions under routine supervision, relating to supervisors and coworkers for work purposes, and adapting to changes in the work setting, but that he should avoid any contact with the general public (Tr. 19). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform existing in significant numbers in the regional and national economies, *e. g.*, food assembler, mail clerk, table worker, and sorter (Tr. 20-21).

## Review

The claimant contends that the ALJ erred: (i) by violating his due process rights; (ii) by failing to properly identify all severe impairments at step two; (iii) by failing to properly identify impairments meeting a listing at step three; (iv) by failing to properly analyze his credibility; and, (v) by failing to include all of his impairments in the hypothetical question

posed to the vocational expert, resulting in an improper step five determination. The Court finds that the ALJ committed several errors in analyzing the evidence in the record and that reversal of the Commissioner's decision is therefore in order.

First, the ALJ failed to properly analyze the weight he afforded the opinion from examining physician Dr. Lance Rosson, D.O. *See, e. g., Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion.") [internal citations omitted], *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added]. Moreover, the ALJ evidently misunderstood some of Dr. Rosson's findings. For example, he ascribed to Dr. Rosson the "opinion the claimant had reached medical maximum level" (Tr. 17), but Dr. Rosson indicated in his report that the claimant was "temporarily totally disabled from [his] usual occupation . . . and [he would] continue to be temporarily totally disabled until there [was] a resolution of [his] symptoms by additional testing and/or treatment, or until . . . [he] . . . reached medical maximum" (Tr. 148). Further analysis of Dr. Rosson's findings by the ALJ is therefore warranted.

Second, the ALJ appears to have ignored evidence with regard to whether the claimant met Listing 9.08 for diabetes mellitus. *See, e. g., Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (remanding "for the ALJ to articulate specific findings and his reasons for ignoring . . . evidence."). *See also Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996)

("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). He accepted uncritically the opinion of non-examining physician Dr. Vallis Anthony, M.D., with regard to functional limitations, *i. e.*, that the claimant could perform light work. But he wholly failed to mention Dr. Anthony's finding that the claimant had a history of diabetes mellitus with "evidence of E[nd] O[rgan] D[amage]" (Tr. 153), concluding instead that "[a]lthough the claimant has diabetes mellitus that is largely uncontrolled, it has not caused any end-organ damage." (Tr. 16).[2] *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]. *See also Taylor v. Schweiker*, 739 F.2d 1240, 1243 (7th Cir. 1984) ("'[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.'"), *quoting Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982). Because the ALJ failed to mention this evidence, the Court is unable to determine if it was considered with regard to whether the claimant's diabetes mellitus met Listing 9.08. *See Drapeau v. Massanari*, 255 F.3d 1211,

---

[2] In addition to Dr. Anthony's finding of end organ damage, the record includes other evidence lending support to such a conclusion, *e.g.*, foot pain (Tr. 330, 343) requiring therapeutic shoes (Tr. 298, 314, 329) and several positive helicobacter pylori infection tests, which can lead to ulcers or stomach cancer, requiring immediate medication (Tr. 146, 162, 192, 359, 365, 401).

1214 (10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991).

Third, the ALJ failed to conduct a proper analysis of the claimant's credibility. He failed in general to affirmatively link his credibility findings to the evidence in the record. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (noting that credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.") [quotation omitted].[3] Further, although he specifically commented on the claimant's noncompliance with prescribed treatment, the ALJ failed to discuss the standard applicable to such noncompliance (Tr. 17, 18). *See Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987) ("In reviewing the impact of a claimant's failure to undertake treatment on a determination of disability, we consider four elements: (1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse."), *citing Weakley v. Heckler*, 795 F.2d 64, 66 (10th Cir. 1986). Nor did he consider

---

[3] The claimant also argues that he was denied due process by the ALJ's reliance on extrajudicial evidence, *i.e.*, he claims the ALJ made reference to a felony conviction that was not documented anywhere in the record in the case. Such information would be relevant, if at all, to the claimant's credibility, so the Court's determination that the ALJ otherwise failed to properly evaluate the claimant's credibility obviates the need to address this contention by the claimant. However, the ALJ should ensure on remand: (i) that any evidence cited in support of his credibility determination appears of record in the case; and, (ii) that the claimant had the opportunity to challenge or otherwise address such evidence. *See, e. g., Allison v. Heckler,* 711 F.2d 145, 147 n. 2 (10th Cir. 1983) (noting that 20 C.F.R. § 404.953 could "not be interpreted in a manner at odds with the Secretary's statutory authority and the Constitution. If the ALJ's decision is based on evidence 'otherwise included in the record,' the regulation must be construed to require that this evidence be gathered and presented to the claimant prior to the hearing."), *citing Heckler v. Campbell,* 461 U.S. 458, 467 (1983) ("[T]he statutory scheme contemplates that disability hearings will be individualized determinations based on evidence adduced at a hearing.") [citations omitted].
.

whether any noncompliance with treatment was justified, for example, by the claimant's inability to pay, *see, e. g., Thomas v. Barnhart*, 147 Fed. Appx. 755, 760 (10th Cir. 2005) ("[T]he ALJ failed to comment on the important evidence that treatment was inconsistent because of Mrs. Thomas's apparent inability to afford the medications . . . . Whether a person is being consistently treated with available medication is important probative information.") [unpublished opinion]; *Thompson v. Sullivan*, 987 F.2d 1482, 1489-90 (10th Cir. 1993) (an inability to pay for recommended treatment may justify failure to follow the treatment), or by any ineffectiveness or unacceptable side effects of such treatment. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (noting that an ALJ must consider such factors as the claimant's "'dosage, effectiveness, and side effects of medication.'"), *quoting Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987). The ALJ must therefore reconsider the claimant's credibility in light of these standards and any supporting evidence.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 27th day of February, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**